**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,

          **Plaintiff,**

v.

SISNEY ANN LARGE,

          **Defendant.**

**Case No. CR-17-050-006-RAW**

## ORDER

Before the court is Defendant Sisney Ann Large's Motion for early termination of supervised release. Dkt. No. 248. For the foregoing reasons, the Motion is DENIED.

The federal sentencing guidelines provide that a court may modify, reduce, or enlarge conditions of release when warranted by an individualized assessment of the appropriateness of existing conditions. After one year of supervision has expired, a court may terminate a period of probation early based on an individualized assessment of the need for ongoing supervision. Early termination may be granted if it is warranted based on the individual's conduct and the interest of justice. USSG § 5D1.4 (a) & (b); 18 U.S.C. § 3583 (e) (1) & (2). Suggested factors that courts may consider in conducting an individualized assessment are:

> (i) any history of court-reported violations over the term of supervision;
> (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
> (iii) the defendant's substantial compliance with all conditions of supervision;
> (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
> (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and

1

(vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

§ 5D1.4. Modification, Early Termination, and Extension of Supervised Release (Policy Statement), FCJ Federal Sentencing Guidelines Manual § 5D1.4 (11/1/25).

Additionally, pursuant to 18 U.S.C. § 3564, a court should consider the factors set forth in § 3553(a) to the extent they are applicable when determining whether to terminate a term of probation.

On November 14, 2017, Ms. Large pleaded guilty to Count 2 of the Superseding Indictment charging her with Distribution of Methamphetamine in violation of 12 U.S.C. §§ 841 (a) (1) § 841 (b) (1) (A) and 18 U.S.C. §2. Defendant's plea followed a written plea agreement between Ms. Large and the government. As a result of the plea agreement, the Government recommended that Large receive a two level reduction for acceptance of responsibility and file with the court a motion urging an additional one level reduction. The Defendant also agreed to waive appellate, post conviction, departure, and variance rights and a money judgment of $2,000.

The court imposed a 57-month term of imprisonment followed by a 5-year mandatory minimum term of supervised release. The statutory minimum sentence for the charged offense is 10 years, but the Defendant was eligible for a shorter term because she met the criteria in 18 U.S.C. §§ 3553 (f) (1)-(5). Before beginning her term of imprisonment, the court ordered Ms. Large to self-surrender on April 13, 2018, but an arrest warrant was issued on March 21, 2018, after Ms. Large had a positive sweat patch drug test. Ms. Large has been on supervised release since February 1, 2024, and she was transferred to the low risk case load on March 6, 2024.  The

supervising probation office in the Western District of Oklahoma reports that Ms. Large has a minimal criminal history, has completed treatment, and has maintained stable employment. However, she has yet to complete half of her supervision and failed to submit for a drug test in December 2024, September 2025, and November 2025. Additionally, since 2025, she has submitted two diluted drug tests and one additional no show.

The court is encouraged by the progress that Ms. Large has made with her career and recovery. However, there have been multiple instances within the past year when she has failed to comply with all conditions of supervision fully. Additionally, shortening her term of supervision would further reduce a sentence that is already less than the statutory minimum. Based on an individual assessment of Ms. Large's case, it appears that further supervision would be beneficial to assist in her continued progress. Therefore, at this time, it is not in the interest of justice to grant the request for early termination.

Therefore, having considered both the factors suggested by the sentencing guidelines and the factors laid out in § 3553(a), the motion is DENIED.

**IT IS SO ORDERED** on this 29th day of May 2026.

**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**